Filed 5/11/16  P. v. Lightfoot CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079620 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F2634) |
| v. | |
| LEE EVERETT LIGHTFOOT, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 2, 2014, defendant Lee Everett Lightfoot possessed 6.5 pounds of marijuana, 1.25 pounds of concentrated cannabis, and 2.8 grams of methamphetamine.[1]

On August 25, 2014, defendant entered a plea of no contest to sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) and admitted a strike prior (assault with a deadly weapon) (Pen. Code, § 1170.12) in case No. 14F2634.

---

[1] The probation report does not reflect whether defendant was selling or transporting the drugs when he was found in possession of the drugs.

1

Defendant entered his plea and admission in exchange for dismissal of the remaining counts as well as another case (case No. 14F1971) and a stipulated state prison sentence of an aggregate term of six years in case Nos. 13F6939 and 14F2634. Defendant had previously entered a plea of no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted a strike prior in case No. 13F6939.[2]

On September 23, 2014, the court sentenced defendant in case No. 13F6939 (possession offense) to the midterm of two years, doubled for the strike prior, and in case No. 14F2634 (sale/transportation offense) to a consecutive one-third the midterm, or one year, doubled for the strike prior.

On May 22, 2015, the trial court resentenced defendant after a hearing on defendant's petition filed pursuant to Penal Code section 1170.18.[3] In case No. 13F6939, the court reduced the possession offense to a misdemeanor, found the strike prior no longer applicable, and deemed the sentence served in full. In case No. 14F2634, the court resentenced defendant to six years, the midterm of three years, doubled for the strike prior, to comply with the negotiated plea agreement for the stipulated term of six years.

Defendant appeals, citing only case No. 14F2634 in his notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

---

[2] On October 11, 2013, defendant possessed 2.1 grams of methamphetamine.

[3] Although referred to in the minute order and at the hearing, the petition is not part of the record on appeal.

On October 19, 2015, the court amended the abstract of judgment to include postsentence custody credit of 241 actual days.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

        RAYE       , P. J.

We concur:

      MAURO     , J.

     MURRAY    , J.